JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Shadora Ewing appeals her conviction for obstructing official business. We affirm.
Ewing was charged with obstructing official business after she had become involved in a situation with a police officer who had been addressing a problem with Ewing's neighbors. Ewing approached the parties, refused to leave, then ran from the scene when the officer approached her. After apprehending her, the officer arrested Ewing. The record shows nothing more because Ewing has not provided a transcript of the evidence. Following a bench trial, the trial court convicted Ewing, who was represented by counsel. Ewing now appeals pro se.
Ewing assigns two errors, both claiming ineffective assistance of counsel: (1) trial counsel failed to tell Ewing that a jury trial was possible; and (2) trial counsel did not submit documents into evidence that would have proven her not guilty.
To establish ineffective assistance, the defendant must prove that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance actually prejudiced the defendant.[1] There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.[2]
Because Ewing failed to provide a transcript on appeal of the trial, we have no evidence before us concerning Ewing's claims. It is the appellant's burden to demonstrate error — and to order a transcript if that is necessary. Without the transcript, Ewing cannot show that her trial counsel's assistance fell below an objective standard of reasonableness or actually prejudiced her. Therefore, we must overrule her assignments of error.
We note parenthetically that, even if we had the transcript on appeal, it is unlikely that it would demonstrate anything relevant to Ewing's claims. She argues that she was not advised of her right to a jury trial, and that her trial counsel did not submit certain documents into evidence. The appropriate remedy for such claims would have been a petition for postconviction relief.
We therefore affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan, and Painter, JJ.
[1] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[2] Id.